**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL L. SMITH, | No. 14-55391 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-02025-W-RBB |
| v. | |
| JORDAN RAMIS, PC; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Submitted February 5, 2016[**]
Pasadena, California

Before: PREGERSON, WARDLAW, and HURWITZ, Circuit Judges.

Michael Smith appeals the district court's grant of summary judgment in

favor of Jordan Ramis, P.C. and Douglas Cushing for claims of legal malpractice,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

fraud, and misrepresentation.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Smith's legal malpractice claims are barred by the statute of limitations. Based on the record, Smith discovered "the facts constituting the wrongful act" in 2010.  Cal. Civ. Proc. Code § 340.6(a).  Smith discussed his legal malpractice claim multiple times with his new lawyer as early as April or May 2010.  And Smith no doubt had discovered the alleged legal malpractice by August 2010 when he emailed Cushing to complain about "how vague and badly the [Domestic Partnership Agreement (DPA)] was written."  Because Smith did not file his suit until June 2012, his legal malpractice claims are barred by the statute of limitations.

The one-year statute of limitations is not tolled under the "actual injury" exception.  *See* Cal. Civ. Proc. Code § 340.6(a)(1).  Smith sustained actual injury in December 2010, when his domestic partner mounted an "objectively viable defense," *Jordache Enters., Inc. v. Brobeck, Phleger & Harrison*, 958 P.2d 1062, 1065 (Cal. 1998), and February 2011, when his domestic partner formally moved to invalidate the DPA.  Both events increased Smith's costs to litigate and reduced the settlement value, and both occurred over a year before the filing of this suit.

The one-year statute of limitations is also not tolled by the continuity of representation exception.  *See* Cal. Civ. Proc. Code § 340.6(a)(2).  The "mutual relationship" between Smith and Jordan Ramis ended with Smith's August 20, 2010 email in which he expressed extreme dissatisfaction and refused to pay.  *See Worthington v. Rusconi*, 35 Cal. Rptr. 2d 169, 174 (Ct. App. 1994).  That Smith did not expressly terminate Cushing as his attorney is not dispositive.  *See Shapero v. Fliegel*, 236 Cal. Rptr. 696, 699–700 (Ct. App. 1987).  The April 2011 telephone calls do not establish a continuous relationship because these calls were not in furtherance of the attorney-client relationship.  *See Foxborough v. Van Atta*, 31 Cal. Rptr. 2d 525, 528–29 (Ct. App. 1994).

Smith's remaining claims of fraud and deceit, fraudulent concealment, and negligent misrepresentation lack merit.

Under California law, negligent misrepresentation is "a species of the tort of deceit," and shares the same elements.  *B.L.M. v. Sabo & Deitsch*, 64 Cal. Rptr. 2d 335, 347 (Ct. App. 1997).  The elements of fraud and deceit are: "(1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon

3

by the party to whom the misrepresentation was directed, and (5) damages." *Id.* at 342 (quoting *Fox v. Pollack,* 226 Cal. Rptr. 532, 537 (Ct. App. 1986)).

The undisputed facts establish that Cushing did not make any misrepresentations to Smith when he agreed to draft the DPA. Cushing told Smith that Cushing could do the work, that he had access to California law, and that Jordan Ramis had an attorney who was licensed to practice in California. Smith failed to prove that any of these statements were untrue. Additionally, because Cushing had previously prepared premarital agreements and one domestic partnership agreement in Oregon, he had "reasonable grounds for believing [these statements] to be true." *Id.* There is no evidence that Cushing intentionally induced Smith into relying on any alleged misrepresentations, or that Smith relied to his detriment on such misrepresentations. Thus, Smith is unable to prove the first four elements of fraud, deceit, and negligent misrepresentation.

To prove fraudulent concealment, Smith must similarly show that: "(1) the defendant . . . concealed or suppressed a material fact, (2) the defendant [was] under a duty to disclose the fact to the plaintiff, (3) the defendant . . . intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff [was] unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment

4

or suppression of the fact, the plaintiff must have sustained damage."

*Prakashpalan v. Engstrom, Lipscomb & Lack*, 167 Cal. Rptr. 3d 832, 853 (Ct. App. 2014) (quoting *Mkt. W., Inc. v. Sanyo Fisher (USA) Corp.*, 7 Cal. Rptr. 2d 859, 864 (Ct. App. 1992).

The record does not support the third element of fraudulent concealment: intent to defraud. The evidence does not establish that Cushing intentionally concealed the qualifications of the California-licensed attorney with the intent to defraud Smith. In fact, Smith admitted that his decision to hire Cushing and Jordan Ramis stemmed from Cushing's previous work handling Smith's will and LLC, and because Cushing was Smith's uncle. Smith himself stated that there "wasn't any more thought than that."

**AFFIRMED.**